IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LESLIE COUNTY, (TDCJ-CID # 426980) | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-13-2755 |
| BRENDA McNEIL, *et al.*, | § § | |
| Defendants. | § § | |

**MEMORANDUM AND OPINION**

The plaintiff, Leslie County, filed a civil rights complaint against various state court officials in Harris County, Texas. County claimed that his conviction was invalid because the records relating to his criminal case were destroyed in a flood. County did not pay the filing fee or seek leave to proceed as a pauper. In light of County's litigation history, the court presumed that County sought leave to proceed *in forma pauperis*.

County's complaint was dismissed by this court in part because he had been previously sanctioned by the United States for the Western District of Texas for "submitting false and deliberately misleading information." *See County v. Livingston*, Civil No. 6:09cv0241 (W.D. Tex. Nov. 6, 2009) [Docket Entry No. 14, p. 5]. The Western District Court found that County was barred from proceeding as a pauper because of his history of frivolous prisoner complaints. *Id.* [Docket Entry No. 7] (*citing* 28 U.S.C. § 1915(g); *County v. Alford*, Civil Action No. 6:92cv00751 (E.D. Tex. Jun. 1, 1993); (*County v. Mock*, Civil Action No. 4:94cv01259 (S.D. Tex. Nov. 1, 1994); *County v. Parker*, Civil Action No. 6:94cv00173 (E.D. Tex. Sept. 28, 1995)). The Court instructed the Clerk of Court for the Western District not to accept for filing any future civil complaints County submitted unless he paid the entire filing fee ($350.00) in advance or obtained written consent from a United States District Judge or Magistrate Judge. No. 6:09cv0241 [Docket Entry No. 14, p. 5].

The complaint filed in this proceeding was also dismissed because County's claims implied the invalidity of a prior conviction without showing that it was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *See Heck v. Humphrey*, 512 U.S. 477 (1994). County's civil-rights complaint is frivolous and counts as a strike under 28 U.S.C. § 1915(g). *In re Jones*, 652 F.3d 36, 37 (D.C. Cir., 2011); *Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994).

County has moved to reinstate this action and has paid the entire filing fee which he is obligated to pay pursuant to the Prison Litigation Reform Act regardless of the outcome of his case. *Hatchet v. Nettles*, 201 F.3d 651 (5th Cir. 2000). But County has not presented any facts or information to alter the court's conclusion that his complaint contests the validity of a prior criminal conviction without any showing that the conviction has been reversed, expunged, or called into question by a court or tribunal authorized to make such finding. County's motion (Docket Entry No. 5) is denied. This action is dismissed with prejudice as frivolous. 28 U.S.C. § 1915(e).

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 77202, Attention: Manager of the Three Strikes List.

SIGNED on January 13, 2014, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge